NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELIZABETH S. STEWART, *Plaintiff/Appellee,*

*v.*

STERLING MOBILE SERVICES, INC., an Arizona corporation,
*Defendant/Appellant.*

No. 1 CA-CV 13-0221
FILED 3-6-2014

Appeal from the Superior Court in Maricopa County
No. CV2011-095532
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Kelhoffer, Manolio & Firestone, PLC, Scottsdale
By Veronica L. Manolio
*Counsel for Defendant/Appellant Sterling Mobile Services, Inc.*

Giammarco Law Office PLLC, Chandler
By Zachary D. Giammarco
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Diane M. Johnsen joined.

---

**T H U M M A,** Judge:

**¶1**        Sterling Mobile Services, Inc. (Sterling) appeals from a $55,000 judgment in favor of Elizabeth S. Stewart (Stewart) on her unjust enrichment claim and a corresponding award of attorneys' fees and costs. Finding no error, the judgment is affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        In 2004, Michael Jephson and Kelli McIntosh, a married couple, formed Sterling to sell used computer equipment**.** Later that year, Sterling received from Stewart (Kelli's grandmother) $55,000 in two checks. The checks were made payable to Sterling and endorsed by Michael, who signed "MJ" on each check. The parties stipulated that the funds were a loan to Sterling and "were not a gift." Stewart and Michael never discussed any terms or conditions of the loan and signed no document in 2004 to evidence the loan. Sterling has not repaid any of the $55,000 or any interest on the loan.

**¶3**        In 2007, Stewart received a handwritten document that, in its entirety, states:

4-26-07

> Sterling Mobile Services owes Elizabeth Stewart $25,000, a loan from 11/2004. This is in addition to the $30,000 from 6/2004. This also is paying 7% interest.
>
> Kelli D. Jephson
> MJ

---

[1] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2, 181 P.3d 1126, 1128 (App. 2008).

On appeal, neither party claims this 2007 document was a written contract.

¶4            In 2008, Kelli filed for divorce from Michael. The February 2009 divorce decree awarded Sterling to Michael "as his sole and separate property, subject to any liens or encumbrances."

¶5            In June 2010, Stewart first demanded that Sterling repay the loan in a demand letter. When Sterling failed to pay, Stewart filed this action in June 2011, alleging breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment.[2] Sterling's answer denied Stewart's allegations regarding an agreement between the parties, including that Sterling agreed to repay the $55,000 to Stewart.

¶6            Sterling sought summary judgment, arguing all of Stewart's claims were time barred and that, by asserting legal contract claims, Stewart's "equitable remedy of unjust enrichment [wa]s lost." After full briefing and oral argument, the superior court granted Sterling's motion for summary judgment on the breach of contract and good faith/fair dealing claims. The superior court found the 2007 document was "an acknowledgment of an oral debt not evidenced by a contract in writing," which was governed by the three-year limitations period in Arizona Revised Statutes (A.R.S.) section 12-543(1) (2014),[3] meaning that the contract claim was time barred. The court also found "that there are no factual allegations sufficient to support the breach of good faith and fair dealing count." The court, however, denied Sterling's motion for summary judgment on Stewart's unjust enrichment claim citing disputed issues of fact regarding the date of accrual of that claim.

¶7            Sterling and Stewart moved for reconsideration. Sterling argued the unjust enrichment claim failed because the superior court had issued "a definitive ruling that" Stewart "had a contractual remedy." Stewart argued that the 2007 document was an enforceable written contract, meaning the six-year limitations period in A.R.S. § 12-548(A)(1)

---

[2] Although not relevant here, Kelli's parents also were plaintiffs and Michael also was a named defendant. The claims involving those parties were resolved before the judgment entered for Stewart and are not a part of this appeal.

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

applied, making Stewart's claims timely. The superior court denied both motions, impliedly indicating that the court had found the breach of contract claim was untimely without deciding whether, in fact, the parties had entered an enforceable contract.

¶8        A one-day trial to the court followed, at which Stewart, Michael and Kelli each testified. The parties stipulated that the $55,000 Stewart provided to Sterling was not a gift but, instead, was a loan to Sterling (and not to Kelli or Michael individually). The superior court noted that the earliest accrual date for the unjust enrichment claim "would have been December of 2007 [when Stewart learned there were problems with the marriage], and then the latest would have been in June of 2010," when Stewart sent the demand letter to Sterling. After considering the facts and arguments, the superior court (as finder of fact) concluded that the accrual date was when the divorce decree issued in February 2009. At that time, Stewart then "knew or should have known that the debt was not going to be paid to her and should have taken action after that date." Applying the four-year residual limitations period in A.R.S. § 12-550, the court found Stewart's unjust enrichment claim was timely. Finding Stewart had met her burden to prove unjust enrichment, based on the evidence and argument provided, the superior court awarded Stewart $55,000 plus interest.

¶9        Following post-trial motions, the superior court entered judgment awarding Stewart $55,000 with interest at the statutory rate of 4.25% per annum from the date of judgment until paid, $28,900 in attorneys' fees and $1,542.22 in taxable costs. From Sterling's timely appeal, this court has jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10        On appeal, Sterling argues the superior court erred in allowing Stewart's unjust enrichment claim to proceed to trial, in ruling for Stewart on that claim at trial and in awarding Stewart attorneys' fees. The court addresses these arguments in turn.

## I.    The Superior Court Properly Determined That No Enforceable Contract Existed Between Stewart And Sterling.

¶11        An equitable unjust enrichment claim fails if there is an adequate remedy at law. *See Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318, ¶ 10, 283 P.3d 45, 49 (App. 2012) (unjust enrichment requires proof of an "absence of a remedy provided by law"). The superior court found that Stewart's contract claim was time barred and

4

her good faith/fair dealing claim failed as a pleading matter. Along with those rulings, which are not challenged on appeal, the superior court denied summary judgment on Stewart's unjust enrichment claim. If "there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976). Accordingly, Stewart's unjust enrichment claim could not proceed if she had an enforceable contract with Sterling. *Id.* at 169, 548 P.2d at 1171.

**¶12**     Although Sterling asserts the superior court must have concluded that an enforceable contract existed in finding Stewart's contract claim was time barred, that argument does not account for the fact that (1) the court never stated that an enforceable contract existed and (2) the order granting Sterling's motion for summary judgment on Stewart's contract claim also denied summary judgment on her unjust enrichment claim. Accordingly, this court reads the pre-trial rulings as finding that no enforceable contract existed between the parties. *State v. Lee*, 189 Ariz. 608, 616, 944 P.3d 1222, 1230 (1997) ("[J]udges 'are presumed to know the law and to apply it in making their decisions.'").

**¶13**     To be enforceable, a contract requires "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co. v. Homes & Son Constr. Co.*, 112 Ariz. 392, 394 542 P.2d 817, 819 (1975). The parties do not claim that there was any applicable written contract. Contrary to Sterling's opening brief on appeal, in addressing summary judgment, the superior court never determined that there was an "oral contract not evidenced by a contract in writing." Instead, the superior court found an "oral debt not evidenced by a contract in writing." Indeed, at trial, Sterling's counsel repeated the superior court's finding that "'I didn't rule there was an oral contract. I said there was an oral debt, which is not the same.'"

**¶14**     On this unique record, the superior court did not abuse its discretion in concluding that there was no "sufficient mutual understanding as to all terms of the" purported contract and did not err in determining that no enforceable contract existed between Stewart and Sterling. *See, e.g., Savoca Masonry Co.*, 112 Ariz. at 394, 542 P.2d at 819; *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (App. 1983). Accordingly, the court properly determined that Stewart had no adequate remedy at law and could press an unjust enrichment claim. *Brooks*, 113 Ariz. at 174, 548 P.2d at 1171.

## II. The Superior Court, As Fact Finder, Properly Found For Stewart On Her Unjust Enrichment Claim.

¶15        This court accepts the superior court's findings of fact unless they are clearly erroneous; questions of law are reviewed de novo. *See Ariz. Bd. of Regents v. Phx. Newspapers, Inc.*, 167 Ariz. 254, 257, 806 P.2d 348, 351 (1991). To establish unjust enrichment, a party must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment and (5) the absence of a legal remedy. *Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 202 Ariz. 535, 541, ¶ 31, 48 P.3d 485, 491 (App. 2002). The superior court properly found Stewart had shown the absence of a legal remedy. Specifically, after considering the trial evidence, the superior court found that there was no enforceable contract between Sterling and Stewart, noting there was "no consideration paid," there were "[n]o terms sufficient to support an oral contract," there was "[n]o agreement on when this amount was to be repaid" and there was "no real enforceable agreement for the payment of interest." The record adequately supports these findings. Moreover, Sterling does not challenge on appeal the superior court's finding that Stewart proved the other components required for an unjust enrichment claim.

¶16        Sterling challenges the superior court's finding that Stewart's unjust enrichment claim was timely. The accrual date for Stewart's unjust enrichment claim implicates the "discovery rule," which Sterling concedes applies. Pursuant to the discovery rule, any "cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe*, 191 Ariz. at 322, ¶ 29, 955 P.2d at 960.

¶17        Stewart identified various events from as early as 2005 to 2009 or later that the finder of fact could have determined triggered the limitations period. At trial, the superior court noted that Stewart's testimony was contradictory and that "it was difficult at best, and it's still difficult today, based on the testimony that's been presented, to determine when the cause of action accrued for the unjust enrichment claim." Ultimately, the court as finder of fact concluded that the date of accrual was when the divorce decree was entered in February 2009, the time Stewart "should have known that [Michael] was responsible for repayment of the loan to [Stewart] and that payment would not be made." February 2009 is one of the possible accrual dates supported by the record, meaning the court did not err in finding Stewart's unjust enrichment claim accrued at that time. Given that factual finding, Stewart's claim was

timely either under a three-year or a four-year limitations period. *See* A.R.S. § 12-543 (three-year limitations period); A.R.S. § 12-550 (four-year limitations period).

### III.     Attorneys' Fees.

**¶18**         Sterling argues that because Stewart's unjust enrichment claim "should never have survived as a matter of law, it was an abuse of discretion to award Ms. Stewart her fees as the 'prevailing party' under A.R.S. § 12-341.01(A)." Sterling specifically states it is not "suggest[ing] that the trial court abused its discretion in the amount of fees awarded." Nor is Sterling challenging the superior court's authority to award attorneys' fees if the unjust enrichment award is affirmed. Having determined that the unjust enrichment award was proper, the superior court's allocation of attorneys' fees is affirmed.

**¶19**         Because Sterling is not the prevailing party on appeal, its requests for awards of attorneys' fee and costs are denied. Stewart requests awards of attorneys' fees and costs on appeal, citing Arizona Rule of Civil Appellate Procedure 21. Because Stewart cites no substantive authority for her attorneys' fees request, that request is denied. *See* ARCAP 21(a)(2). Given that Stewart is the prevailing party on appeal, however, she is awarded costs incurred on appeal upon compliance with ARCAP 21.

### CONCLUSION

**¶20**         The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: mjt